IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL WOODALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>COMPASS RECOVERY GROUP, LLC,<br><br>Defendant. | Civil Case Number:<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff MICHAEL WOODALL (hereinafter, "Plaintiff"), brings this class action complaint on behalf of himself and all others similarly situated, by and through the undersigned attorneys, against Defendant COMPASS RECOVERY GROUP, LLC (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Defendant violated the Plaintiff's rights provided under the FDCPA by falsely claiming that there was a 'pending legal matter' filed against the Plaintiff, as well as by illegally calling the Plaintiff's employer and 13-year-old granddaughter.  Plaintiff brings this matter as a class action, because such illegal tactics are routinely engaged in by Defendant.  Indeed, Defendant has a long history and track record of abusing consumers, particularly through (1) the use of false threats of pending legal action, and (2) illegally contacting relatives or associates of debtors, in order to obtain payment from Defendant's debtors.

2. For example, in September 2020, Defendant was sued, in part, for contacting a debtor's

1

mother-in-law and father-in-law regarding a debt owed by the consumer, and by falsely telling those relatives that there was a 'legal action' pending against the consumer. That case was settled in October of 2020. *See, Tara Williams v. Compass Recovery Group,* 1:20-cv-01307-WMS (WDNY 2020).

3. In March of 2020, Defendant was similarly sued for falsely threatening an individual with legal action if she did not pay her debt. *See, Abbie Brown v. Compass Recovery Group,* 2:20-cv-00621-DJH (D. Ariz. 2020).

4. In November of 2020, Defendant was again sued for illegally calling a consumer's place of employment. *See, Traquila Hudson v. Compass Recovery Group,* 1:20-cv-06630 (N.D. Ill. 2020).

5. Unsurprisingly, Defendant has now repeated its past violations of the FDCPA, thereby necessitating the bringing of the instant action.

6. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

7. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e).

After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

10. Plaintiff brings this class action on behalf of a class of consumers nationwide seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

11. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

12. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

13. Plaintiff is a natural person and a resident of Haverhill, Massachusetts, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

14. Defendant Compass Recovery Group is a business entity regularly engaged in the business of collecting debts on behalf of third parties, with its principal place of business located at 3135 Walden Ave, Depew, New York 14043.

15. The principal purpose of Defendant is the collection of debts using the mails and

telephone, and Defendant regularly attempts to collect alleged debts originally due to another.

16. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

18. Sometime prior to January 14, 2020, Plaintiff incurred an alleged debt to Genesis Credit as a result of dental services provided by Aspen Dental.

19. The alleged obligation stems from the provision of medical and dental services, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. Defendant contends that the alleged Genesis obligation is past due.

21. Defendant was subsequently hired by Genesis to collect on this allegedly unpaid dental bill.

22. On or about January 14, 2020, the Defendant called the Plaintiff's place of employment and left a voicemail for Plaintiff's employer, which voicemail stated:

> "Hi this is Robert Wallis calling from Compass Recovery calling on a pending civil matter that has been sent out here previously for a Mr. Michael Woodall. Again, first name is Michael, last name is Woodall. We are requesting a response today. I should be here in the office until about 8:00 p.m. Eastern time. When calling, please refer to file 125435, that's 125435. And my return number again is 1-888-765-3854, extension 210. 1-888-765-3854, extension 210."

23. The January 14, 2020 voicemail is a "communication" as defined by 15 U.S.C.§ 1692a(2).

24. Approximately two weeks later, the Defendant again called the Plaintiff's place of employment. This time, the Defendant spoke with Plaintiff's employer, and relayed the same message.

25. Approximately two days after that, the Defendant then called and left the same message on the phone belonging to Plaintiff's 13-year-old granddaughter.

26. There is no 'pending civil matter' filed against the Plaintiff.

27. Nor did Defendant ever intend to file any 'civil matter' against the Plaintiff.

28. Instead, the Defendant simply made up nonsensical threats of legal action with its oblique references to a 'pending civil matter' in an attempt to coerce Plaintiff into paying on the alleged obligation, much as the Defendant has done time and time again to numerous consumers as evinced by the numerous lawsuits listed above.

29. By making these false threats, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that he had to pay the alleged debt immediately in order to avoid the serious-sounding consequences threatened by Defendant.

30. Plaintiff further suffered extreme emotional distress, along with feelings of panic and fear as a result of the Defendant's false threats.

31. Moreover, in the Defendant's voicemails left with the Plaintiff's employer and granddaughter, the Defendant illegally identified itself as 'Compass Recovery', when it was not in fact permitted to identify itself as such, unless specifically requested.

32. By illegally disclosing to Plaintiff's employer and grandchild that there was a 'pending

civil matter' for which 'Compass Recovery' was pursuing the Plaintiff for, the Defendant caused the Plaintiff emotional distress, shame, embarrassment and humiliation that his employer and grandchild now knew that Plaintiff was in financial distress.

33. Finally, under the FDCPA Defendant was not permitted to contact Plaintiff's employer or granddaughter at all.

34. Defendant's disregard of that prohibition subjected the Plaintiff to an invasion of privacy, as his grandchild and employer now know about his financial distress, which subjected Plaintiff to emotional distress, shame, embarrassment and humiliation.

35. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

36. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

    **Class A:** a) All consumers nationwide, b) whom Defendant falsely threatened with legal action or 'pending civil action', c) during the one-year period immediately preceding the filing of this action.

    **Class B:** a) All consumers nationwide, b) about whom the Defendant illegally communicated with third parties, c) during the one-year period immediately preceding the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect

6

and/or have purchased debts.

38. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's policies – falsely threatening consumers with legal action or a 'pending civil matter', and improperly disclosing the existence of the consumer's debt to third parties - violate 15 U.S.C. § 1692b and e.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's policies – falsely threatening consumers with legal action or a 'pending civil matter', and improperly disclosing the existence of the consumer's debt to third parties - violate 15 U.S.C. § 1692e.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is

also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.*
(False Threats And Deceptive Practices)**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. The Defendants violated said section in its letter to the Plaintiff by:

   a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt, in violation of §1692e(10);

   b. Falsely representing the legal status of the alleged debt in violation of 1692e(2)(A);

   c. Falsely threatening the Plaintiff with action that cannot legally be taken, and that

    the Defendant did not intend to take, in violation of §1692e(5); and

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692b and 15 U.S.C. § 1692c *et seq.*
### (Illegally Identifying Itself As A Debt Collector And Communicating With Third Parties)

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b and 15 U.S.C. § 1692c.

52. 15 U.S.C. § 1692c provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

53. Plaintiff never provided Defendant his prior consent to communicate with any third party regarding his alleged debt.

54. Defendant never applied for, nor received, the express permission of a court of competent jurisdiction to communicate with any third party regarding the Plaintiff's alleged debt.

55. There is no judgment currently issued as to the Plaintiff's alleged debt.

56. Upon information and belief, Defendant was not attempting to effectuate a post-judgment judicial remedy in its communications with Plaintiff's employer and grandchild.

57. Pursuant to 15 USC §1692c, the Defendant was <u>only</u> allowed to communicate with Plaintiff's employer and grandchild in order to obtain location information, within the framework specified by 15 USC §1692b.

58. Pursuant to 15 U.S.C. § 1692b "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall identify himself, state that he is confirming or correcting location information concerning the consumer, and, **<u>only if expressly requested, identify his employer</u>**." *See,* 15 U.S.C. § 1692b(1)(emphasis added).

59. The Defendant's communications with Plaintiff's employer and grandchild were not attempts to obtain location information regarding the Plaintiff.

60. Defendant's representative was never expressly requested to identify his employer on any of his communications with Plaintiff's employer and grandchild.

61. Nevertheless, Defendant's representative stated in these communications that he was calling from 'Compass Recovery'.

62. Defendant accordingly violated 15 USC §1692b and 15 USC §1692c in its communications with Plaintiff's employer and grandchild, when its representative (1) communicated the name of his employer to those individuals, and (2) communicated with those third parties for a purpose not permitted by law.

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## DEMAND FOR TRIAL BY JURY

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff actual damages;

(d)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 11, 2020

By:   /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
*Pro Hac Vice to be filed*
MARCUS ZELMAN, LLC

          701 Cookman Avenue, Suite 300
          Asbury Park, New Jersey 07712
          Phone: (732) 695-3282
          Facsimile: (732) 298-6256
          Email: yzelman@marcuszelman.com
          *Attorneys for Plaintiff*